Dear Alan C. Woods
You have requested our opinion on the duties of the Governor's Office of Crime Control and Prevention ("GOCCP") with respect to the State's Victim and Witness Protection and Relocation Program ("Program"). In particular, you ask whether GOCCP is responsible for monitoring the expenditure of Program funds by individual State's Attorneys' offices or may accept a certification from the State's Attorneys' Coordinator ("Coordinator"). You also ask whether the Coordinator may be audited by the Legislative Auditor.
In our opinion, the Coordinator is responsible for approving expenditures of Program funds by the individual State's Attorneys in accordance with the statute governing the Program and GOCCP has no authority to second-guess those decisions. However, because the Program funds appear in GOOCP's budget, GOCCP is responsible for ensuring that the Coordinator has approved the expenditure of funds, that an authorized disbursement of funds appears to be consistent with the purposes of the Program, and that the disbursements do not exceed the amount of the appropriation. GOOCP may fulfill these functions by obtaining documentation from the Coordinator, but need not audit the Coordinator itself. The Coordinator is subject to audit by the Legislative Auditor concerning the use of Program funds, as are the individual State's Attorneys' offices.
 I Governor's Office of Crime Control and Prevention
GOCCP is formally established as a part of the Governor's Office by Executive Order. COMAR 01.01.2005.36.[1] It is comprised of a professional staff and managed by an Executive Director. COMAR01.01.2005.36A, C.[2] It is charged with coordinating public safety and crime control policies and programs in the State, advising the Governor on those issues, and providing technical assistance to State and local agencies, as well as nonprofit and community organizations, involved in those matters. COMAR 01.01.2005.36D(1)-(2), (6)-(7).
GOCCP has also been given several specific assignments. In collaboration with other agencies, it is to prepare the State's crime control plan every three years. COMAR 01.01.2005.36D(3). It is also the designated State agency with respect to the application for, and administration of, certain federal and State grants. COMAR01.01.2005.36D(4).[3] GOCCP is designated to carry out the State's obligations under certain federal laws relating to juvenile justice. COMAR 01.01.2005.36D(5); COMAR 01.01.2005.37.
Pertinent to your questions, GOCCP is specifically charged with coordinating "the application, allocation, and use of designated federal and State funds for services to victims and witnesses of crimes and facilitat[ing] the delivery of such services." COMAR 01.01.2005.36D(7). State law places the State Board of Victim Services ("Board"). Annotated Code of Maryland, Criminal Procedure Article ("CP"), § 11-910 etseq. within GOOCP.[4] The Board is charged with several advisory and monitoring functions related to the State's provision of services to victims of crime, including the Program; the Board also administers the State Victims of Crime Fund and decides upon applications for certain grants provided through GOCCP. CP § 11-914.
Finally, GOOCP is to administer "such other funds as the Governor may direct" and perform "such additional duties as may be directed by the Governor." COMAR 01.01.2005.36D(3)(e), (9); see, e.g., COMAR01.01.2006.01 (placing the Governor's Council on Family Violence Prevention within GOCCP and assigning related duties to the Executive Director of GOCCP).
The Executive Order governing GOCCP directs other State agencies to cooperate with GOCCP and provide such data and other information, as allowed by law, that GOCCP requires in order to carry out its functions. COMAR 01.01.2005.36E.
 II Victim and Witness Protection and Relocation Program A. Statutory Provisions
Your inquiry concerns the Victim and Witness Protection and Relocation Program, which was established by statute in 1994. Chapter 474, Laws of Maryland 1994, now codified as amended at CP § 11-901 et seq. Moneys appropriated to the Program are to be used for three purposes:
 (1) to protect victims and witnesses and the families of victims and witnesses;
 (2) to relocate victims and witnesses to protect them or to facilitate their participation in court proceedings; and
 (3) to pay the costs of carrying out the Program.
CP § 11-904(a). The Program is to make use of federal matching funds and programs to the extent possible. CP § 11-904(b).
In 1996, the Legislature created a special fund known as the Victim and Witness Protection and Relocation Fund ("Fund") for State moneys appropriated to the Program, as well as any matching federal funds and any investment earnings. Chapters 587, 588, Laws of Maryland 1996,now codified at CP §§ 11-905, 11-906.[5] The Fund is funded in part by the court costs assessed in criminal cases in the District Court. Annotated Code of Maryland, Courts Judicial Proceedings Article ("CJ"), § 7-301(e)(2) (designating $125,000 annually from court cost revenues for the Fund).[6]
The General Assembly has directed the State's Attorneys' Coordinator ("Coordinator")[7] to administer the Program, "including consideration and approval of the release of any moneys from the Program." Annotated Code of Maryland, Article 10, § 41B(a)(7). The Coordinator is to consult with the Board in connection with the administration of the Program and is to "carry out the Program" in accordance with regulations adopted by the State's Attorneys' Coordination Council ("Council"). Article 10, § 41B(a)(8); CP § 11-903. The Council is to consult with the Board in devising the regulations governing the Program. Article 10, § 41D(f).
To date, the Council has adopted informal "regulations and guidelines."[8] See Witness Protection and Relocation Program Regulations and Guidelines (Revised 1/06). The guidelines provide standards for a State's Attorney's Office that receives an allocation from the Fund to reimburse transportation, meal, and lodging expenses of victims and witnesses. The guidelines also permit a State's Attorney's Office to expend its allocation from the Fund, in certain circumstances, for expert witness fees, drug treatment services, pet boarding, crime scene clean-up, child or family care, and clothing for court. Under the guidelines, each State's Attorney's Office is to make a quarterly report to the Council of its expenditures, which are to be reviewed by the Council. The guidelines provide for site visits by a representative of the Coordinator to offices selected by the Council for the purpose of reviewing expenditures and receipts.
The statute specifies that both the Program and the Fund are subject to audit by the Legislative Auditor. CP § 11-907.
B. GOCCP's Role
Apart from the Board's consultative role, the statute establishing the Program does not assign any specific function to GOCCP or the Board with respect to the administration of the Fund. However, since the Fund's creation in 1996, appropriations to the Fund have appeared in the annual budget bill as a special fund appropriation under GOCCP. See Chapter 13, Laws of Maryland 1996, Supplemental Budget No. 2 at p. 946 (providing for supplemental special fund appropriation to GOCCP contingent on legislation creating the Fund); see also, e.g., Chapter 216, Laws of Maryland 2006 at p. 992 (GOCCP special fund appropriation for fiscal year 2007); Department of Budget and Management, FY 2007 Budget, Volume 1, p. 199 (identifying the Fund as part of the GOCCP's special fund appropriation).[9] In addition, as noted above, the recent revision of the Executive Order establishing GOCCP directs it "to coordinate the application, allocation, and use of designated federal and State funds for services to victims and witnesses of crimes and facilitate the delivery of such services." COMAR 01.01.2005.36E.
We understand that the Coordinator has relied upon GOCCP for assistance with bookkeeping and administration, in light of its extensive experience with the administration of grant funds, especially federal law enforcement grants. You state that, in practice, GOCCP acts as "fiscal agent" for the Coordinator. GOCCP delivers funds to the Coordinator on a "draw" schedule and, in emergency situations on demand, for distribution from the Coordinator to the State's Attorneys' offices. You state that GOCCP provides an accounting to the Coordinator and to the Board for fund balances and draws. GOCCP has not audited the ultimate use of the funds, but has relied upon the certification of the Coordinator in releasing funds to the Coordinator for the State's Attorneys' offices.
C. Legislative Audit of GOCCP Concerning the Program
In November 2005, the Legislative Auditor completed an audit of the Executive Department. In the audit report, the Auditor faulted GOCCP for not executing grant agreements with the Coordinator or obtaining expenditure reports describing the use of moneys disbursed from the Fund. Office of Legislative Audits, Audit Report — Executive Department (November 2005) at pp. 12-13. According to the audit report, the Coordinator submitted letters to GOCCP stating in general terms how the requested funds were to be used, but did not specify how much funding each jurisdiction would receive. Id.
The Auditor recommended that GOCCP enter into written grant agreements with the Coordinator, which would address the intended purposes and uses of the funds, the responsibilities of the parties, expenditure reporting requirements, and verification procedures. Id. The audit report also recommended that GOCCP obtain expenditure reports and monitor the use of the funds. Id.
In its response, GOCCP disputed the Auditor's characterization of its role, noting that the statute directs the Coordinator to administer the Program, and argued that it functions merely as a conduit for the disbursement of Program funds in accordance with the directions of the Coordinator. Audit Report, Appendix, pp. 1-2. GOCCP also argued that the limitations on its role help preserve the confidentiality of the beneficiaries of the Fund. Id. GOCCP indicated that it would require the chairman or vice-chairman of the Council to co-sign all disbursement requests with the Coordinator. Id.
On GOCCP's behalf, you requested our opinion "as to whether it is appropriate for the . . . Coordinator . . . to be responsible for monitoring the individual State's Attorneys' Offices, with certification to GOCCP." You also asked whether the Coordinator should be audited directly by the Auditor rather than by GOCCP.
 III Analysis
To answer your questions, we look to the distinct roles played by the Coordinator and GOOCP with respect to the Fund. As is evident above, the statute establishing the Program and the Fund makes the Coordinator responsible for considering and approving expenditures from the Fund in accordance with the Council's regulations. The Council's guidelines contemplate that the actual expenditures to support victims and witnesses will be made through the individual State's Attorneys' offices.
The statute does not assign any role to GOCCP. However, for many years, the annual budget bill has appropriated funds for the Program as part of GOCCP's budget.[10] Moreover, the Executive Order governing GOCCP directs it "to coordinate the application, allocation, and use of designated federal and State funds for services to victims and witnesses of crimes and facilitate the delivery of such services" — which clearly gives it a role with respect to the Program and the Fund. COMAR01.01.2005.36E.
Thus, the Coordinator, not GOCCP, is responsible for determining whether a proposed expenditure from the Fund satisfies the statutory purpose in accordance with regulations adopted by the Council. The Coordinator also has the responsibility, in accordance with the Council's guidelines, to conduct site visits to verify the proper use of the funds. What responsibilities does GOCCP have as a result of the appropriation of funds in its budget and its mandate to "coordinate the application, allocation, and use" of those funds?
The Executive Order does not purport to — as it could not — substitute GOCCP for the Coordinator as the administrator of the Program and the Fund. COMAR 01.01.2005.36F ("This Executive Order shall not be construed to alter the existing authorities of any executive agency . . ."). However, as the agency to which funds are appropriated, GOOCP has certain basic duties. An appropriation is a legislative authorization to disburse public funds for a particular purpose or purposes. 88 Opinions of the Attorney General ___ (2003) [Opinion No. 03-008 (March 31, 2003)], slip op. at p. 5. Accordingly, a public officer or agency with authority over appropriated funds must expend them only in accordance with the specified purposes. See 63C Am.Jur.2dPublic Officers and Employees § 263.
As the agency authorizing disbursement of moneys from the Fund appropriated in its budget, GOCCP has a threshold responsibility to ensure that the appropriation is spent only upon the approval of the State official charged with approving expenditures from the Fund —i.e., the Coordinator.
Moreover, although GOOCP has no authority to second-guess the Coordinator's exercise of discretion accorded by statute[11], it must be reasonably confident that the funds disbursed from its appropriation are directed to the purpose for which the funds were appropriated. To fulfill this responsibility as well as its obligation to "coordinate the . . . allocation and use" of the Fund, it may require the Coordinator to provide documentation that the disbursements have been ultimately directed to the individual State's Attorneys offices for the statutory purposes.[12] Such documentation need not amount to an "audit," but could simply specify the cumulative amounts expended by various individual State's Attorneys offices for the various categories allowed under the Program guidelines without revealing the personal information of the victims and witnesses aided by the expenditures.[13] Under the Executive Order, the Coordinator, as well as the local State's Attorneys' offices, are obligated to cooperate with, and provide data and other information, consistent with the law, to GOCCP. COMAR01.01.2005.36E.
Finally, GOCCP must also ensure that the amounts disbursed remain within the amount of funds appropriated for the Program in the particular fiscal year. See Annotated Code of Maryland, State Finance Procurement Article, § 7-234 (employees and officers of State government may not spend money in excess of appropriations); § 7-216 (officer or unit of State government may spend money for a program in accordance with the current appropriation for that program).
In addition, the Coordinator and Council might reasonably enlist the expertise of GOCCP, consistent with GOOCP's functions under the Executive Order, to assist in their own oversight obligations. As noted above, the Council's guidelines require that the State's Attorneys offices make quarterly reports concerning their expenditures of Program funds, presumably to carry out the Coordinator's responsibility to ensure that the funds are spent for the intended purposes. GOOCP could be asked to assist in the review of those reports and other documentation the Coordinator or Council require of the State's Attorney's offices.
 IV Conclusion
In our opinion, the Coordinator is responsible for approving expenditures of Program funds by the individual State's Attorneys in accordance with the statute governing the Program and GOCCP has no authority to second-guess those decisions. However, because the Program funds appear in GOOCP's budget, GOCCP is responsible for ensuring that the Coordinator has approved the expenditure of funds, that an authorized disbursement of funds appears to be consistent with the purposes of the Program, and that the disbursements do not exceed the amount of the appropriation. GOOCP may fulfill these functions by obtaining documentation from the Coordinator, but need not audit the Coordinator itself. The Coordinator is subject to audit by the Legislative Auditor concerning the use of Program funds, as are the individual State's Attorneys' offices.
 J. Joseph Curran, Jr. Attorney General
 Robert N. McDonald Chief Counsel Opinions and Advice
[1] GOCCP was created in 1995, essentially as the successor of several units with responsibilities relating to criminal justice and substance abuse that had been part of the Governor's Office in prior administrations since at least 1969. See COMAR 01.01.1995.18 (creating GOCCP and rescinding prior executive orders establishing the Governor's Office on Justice Administration, the Governor's Drug and Alcohol Abuse Commission, the Governor's Youth Drug and Alcohol Abuse Commission, and the Governor's Council on Substance Abuse, Tuberculosis, and AIDS),as amended by COMAR 01.01.1996.06.
[2] The Executive Director of GOCCP is to represent the Governor on boards, commissions, and councils, as directed by the Governor. COMAR 01.01.2005.36DA(4).
[3] GOCCP administers the distribution of funds from federal criminal justice grants to State, local, and nonprofit agencies. Indeed, the funds appropriated by the General Assembly for GOCCP in the State budget consist primarily of federal grants. See Chapter 443, § 1, Laws of Maryland 2006 at p. 2099. In addition, GOCCP administers certain criminal justice grant programs established under State law. See,e.g., Annotated Code of Maryland, Public Safety Article ("PS"), § 4-301et seq. (Law Enforcement Equipment Fund).
[4] The Executive Director of GOCCP also serves as the Executive Director of the Board. CP § 11-910(d).
[5] As with most special funds, the State Treasurer is to hold the Fund separately from the General Fund and the Comptroller is to account for the Fund. CP § 11-906(a)(2).
[6] Other revenues from this source are directed to the Criminal Injuries Compensation Fund. CJ § 7-301(e)(1).
[7] The State's Attorneys' Coordinator is a position created by statute that is primarily responsible for providing training programs for State's Attorneys and their staffs, developing uniform reporting procedures for data related to prosecutorial functions, and providing other support to the State's Attorneys in Maryland. Article 10, § 41B. The Coordinator is appointed by, and serves at the pleasure of, the State's Attorneys' Coordination Council, which is composed of the Attorney General and 10 State's Attorneys. Article 10, §§ 41A, 41D.
[8] We recommend that the Council adopt the regulations pursuant to the State Administrative Procedure Act ("APA"). See Massey v. Secretary,Department of Public Safety and Correctional Services, 389 Md. 496, 886
A.2d 585 (2005) (directive of the Department of Public Safety and Correctional Services that were not adopted as regulations under the APA held to be ineffective).
[9] During the two years that the Program existed before creation of the Fund, appropriations for the Program were included in the budget of the Office of the Attorney General, which at that time also included a specific appropriation for the Coordinator.
[10] This is an unusual instance in which the appropriation for a program is in the budget of an agency without specific statutory responsibility over the program. On occasion, the Legislature may place the budget of a small agency within the budget of a larger agency for administrative convenience. See, e.g., CP § 10-207(b) (placing Criminal Justice Information Advisory Board within the Department of Public Safety and Correctional Services "for administrative and budgetary purposes only"). It is not entirely clear why the Fund appears in GOCCP' s budget; perhaps it is because the Coordinator is no longer specifically identified with an appropriation in the annual budget bill.
[11] In other contexts, the Legislature has clearly delegated decisionmaking authority to GOCCP concerning expenditures from a special fund. For example, the Executive Director of GOCCP administers the Law Enforcement Equipment Fund, a special fund that provides grants to law enforcement agencies for equipment. PS § 4-301 et seq.
[12] This situation is also somewhat unusual in that, under the current practice, moneys disbursed from the Fund are deposited in an account of the Maryland State's Attorneys Association ("MSAA"), a private entity, pending allocation by the Coordinator to the individual State's Attorneys offices. The disbursement of public funds to a private account has the appearance of a grant. GOCCP and the Coordinator may wish to consider making disbursements directly to the individual State's Attorneys offices that carry out the Program. In any event, GOCCP could reasonably require the Coordinator to provide it with documentation on the disposition of funds disbursed to the MSAA account, as well as an agreement by MSAA that those funds will be expended only in accordance with the statutory purposes.
[13] In the unlikely event that GOOCP were directed by the Coordinator to disburse funds to a payee that appeared to have no connection to the purposes of the Program, it might appropriately insist on a more detailed explanation and certification from the Coordinator that the expenditure complies with the statute.
The ultimate authority to audit the Program and the Fund, including the decisions of the Coordinator and the expenditures of the State's Attorneys offices, reposes in the Legisaltive Auditor. See CP § 11-907; Annotated Code of Maryland, State Government Article, §§ 2-1220, 2-1221. *Page 219